[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON THE PLAINTIFF'S MOTION TO REARGUE OR FOR ARTICULATION (#149)
On November 22, 2002, the plaintiff, Efrain Lugo, filed a motion to reargue or for articulation of the court's November 14, 2002 ruling on the objection to the motion for default (#141) and motion for a protective order (#140) filed by the defendant, National Casualty Insurance Co. The court sustained the objection to the motion for default and granted the protective order.
The plaintiff argued in his motion for default that the defendant failed to fully and fairly respond to the plaintiff's interrogatories; specifically, request for production number seven. The plaintiff requested that the defendant provide copies of the reports of all investigations performed into the facts and circumstances surrounding the accident which brought about this litigation. The defendant objected to this request on the ground that the information requested was work product. The court denied the plaintiff's motion for default and ruled that the information being sought by the plaintiff was work product because it was prepared in anticipation of litigation and therefore not discoverable pursuant to Practice Book § 13-3(a).
The plaintiff argues in his motion now before the court that the defendant's objection to the request for production was untimely. By operation of Practice Book §§ 13-7 and 13-10 "a party to whom interrogatories and requests for production are directed shall respond within thirty days unless, within that time period, he files a motion for extension of time that is granted, or object[s] to the questions posed or items requested." Hutter v. Milan, Superior Court, judicial district of Waterbury, CV 000168120 (June 19, 2002, Hodgson, J.). In the present case the information requested by the plaintiff is work product and normally would not be admissible, however the objection was untimely because it was made more than thirty days after the request, therefore, the court reconsiders its previous ruling and finds that the plaintiff's request for production is discoverable. CT Page 3625
In granting the protective order, the court ruled, in response to the plaintiff's objection that the party sought to be deposed is not a named defendant and additionally the requirements of Practice Book §13-29(d)[1] were not met. The plaintiff wanted to depose the defendant's claims adjuster, James Spence, who works and resides in Arizona. The plaintiff argued that he should be able to depose Spence in Connecticut because the plaintiff properly served the defendant, National Casualty Insurance Co., in Connecticut and because Spence has been designated by the defendant as the person with knowledge of this case. This court disagreed with the plaintiff based upon the aforementioned reasons and granted the defendant's protective order, while overruling the plaintiff's objection.
In the plaintiff's motion now before the court, the plaintiff argues that he can depose Spence because he has properly served the defendant. The court finds no merit to this argument and reaffirms its previous ruling that the requirements of Practice Book § 13-29(d) have not been met.
Harper, J.